1034-15   1035-15

APPEAL NOS. 03-14-0094-CR & 03-14-0095-CR

ORIGINAL   03-14-00494-CR & 03-14-00495-CR

RECEIVED
OCT 16 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

ISAAC BENAVIDEZ - APPELLANT

v

THE STATE OF TEXAS - APPELLE

## PETITION FOR DISCRETIONARY REVIEW

APPELLANT ISAAC BENAVIDEZ HAS RESEARCHED CASES AND DOES NOT KNOW HOW TO SUBMIT CORRECT MOTIONS. HOWEVER MANY ERRORS WERE MADE AGAINST THESE CASES. SO IN RESPONSE FOR THE PETITION FOR DISCRETIONARY REVIEW ALL THAT ISAAC BENAVIDEZ HAS IS THAT MANY ERRORS WERE MADE.

ISAAC BENAVIDEZ
#01945542
MARK W. STILES UNIT
3060 FM 3514
BEAUMONT TX 77705

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 19 2015

Abel Acosta, Clerk

NO. 03-14-00494-CR
NO. 03-14-00495-CR

Isaac Benavidez, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT
NOS. 15,265 & 15,266
HONORABLE CHRISTOPHER DARROW DUGGAN, JUDGE PRESIDING

MEMORANDUM OPINION

In January 2014, appellant Isaac Benavidez pled guilty to four counts of intentional serious bodily injury to a child and received ten years' deferred adjudication probation. *See* Tex. Penal Code § 22.04; Tex. Code Crim Proc. art. 42.12, § 3g. In May 2014, upon finding that appellant had violated certain terms of his probation, the trial court revoked appellant's deferred adjudication and sentenced him to sixty years' imprisonment on the first count and ten years' imprisonment on each of the remaining three counts, to run concurrently. *See* Tex. Code Crim. Proc. art. 42.12, §23.

Appellant's court-appointed attorney has filed a brief concluding that the appeal is frivolous and without merit. Counsel's brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record and demonstrating that there are no arguable grounds to be advanced. *See* 386 U.S. 738, 744-45 (1967); *Garner v. State*, 300 S.W.3d 763, 766

(Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 80-82 (1988). Appellant's counsel has represented to the Court that he provided appellant with copies of the brief and accompanying motions to withdraw; advised appellant of his right to examine the appellate record, file a pro se brief, and pursue discretionary review following the resolution of the appeal in this Court; and provided appellant with a form motion for pro se access to the appellate record along with the mailing address of this Court. *See Kelly v. State*, 436 S.W.3d 313, 319-21 (Tex. Crim. App. 2014); *see also Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766. Although appellant requested and received the appellate record and additional time to file a pro se brief, that time has run and no pro se brief has been filed.

We have independently reviewed the record and have found nothing that might arguably support the appeal. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We agree with counsel that the appeal is frivolous and without merit. We grant counsel's motion to withdraw and affirm the judgment of conviction.[1]

---

[1] No substitute counsel will be appointed. Should appellant wish to seek further review of his case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. *See generally* Tex. R. App. P. 68-79 (governing proceedings in Court of Criminal Appeals). Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the date that this Court overrules the last timely motion for rehearing filed. *See id.* R. 68.2. The petition must be filed with the clerk of the Court of Criminal Appeals. *Id.* R. 68.3(a). If the petition is mistakenly filed with this Court, it will be forwarded to the Court of Criminal Appeals. *Id.* R. 68.3(b). Any petition for discretionary review should comply with the rules of appellate procedure. *See id.* R. 68.4. Once this Court receives notice that a petition has been filed, the filings in this case cause will be forwarded to the Court of Criminal Appeals. *See id.* R. 68.7.

2

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Bourland

Affirmed

Filed: July 14, 2015

Do Not Publish